**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RICHARD RUEDA<br>160 Justin Dr.<br>West Chester, PA 19382<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MCKENZIE'S BREWHOUSE, INC.<br>d/b/a McKenzie's Brewhouse<br>240 Lancaster Avenue<br>Malvern, PA 19355<br><br>　　　　Defendant. | CIVIL ACTION<br><br>No.: _____<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### I.　　INTRODUCTION

1.　　This action has been initiated by Richard Rueda (hereinafter referred to as "Plaintiff") against McKenzie's Brewhouse, Inc. (hereinafter referred to as "Defendant") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII - 42 U.S.C. §§ 2000d *et. seq.*) and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### II.　　JURISDICTION AND VENUE

2.　　This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue-letter under Title VII. Plaintiff's PHRA claims however will mirror identically his federal claims under Title VII.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny. This Court has supplemental jurisdiction over Plaintiff's future state-law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as his federal claims asserted herein.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein under the Title VII, and has properly exhausted his administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

### III. **PARTIES**

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant is company that owns and operates three restaurants throughout Pennsylvania and does business as "McKenzie's Brewhouse."

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## IV. FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a male.

12. While Defendant has three (3) locations throughout Pennsylvania (in Malvern, Chadds Ford, and Devon Pennsylvania), Plaintiff was hired to work for Defendant's Malvern, Pennsylvania location – which operates as a bar / restaurant.

13. Plaintiff was hired by General Manager, Jessica James (hereinafter "James") and in total worked for approximately 1 month until he was unlawfully terminated from his employment on or about August 14, 2020.

14. James was supervised by Will Mangin (hereinafter "Mangin"), a Director of Operations for Defendant.

15. At all times during his employment with Defendant, Plaintiff's title was "Bartender."

16. During his employment with Defendant, Plaintiff was a hard-working and dedicated employee; however, his work experience was tainted by the constant sexual harassment that he was subjected to by James.

17. Throughout his short tenure with Defendant, Plaintiff endured sexual harassment from James that was both severe and pervasive and consisted of multiple unwelcomed sexual

advances, comments and gestures on a consistent basis. By way of example only and not intending to be an exhaustive list, James:

    i. told employees she hired Plaintiff because he is good looking;

    ii. told employees she wanted to "get with" Plaintiff;

    iii. consistently commented about Plaintiff's looks;

    iv. continually sat at the bar drinking, trying to flirt with Plaintiff;

    v. stayed beyond her shifts to sit at the bar until Plaintiff left, so she could walk out with him;

    vi. dressed provocatively to try and get Plaintiff's attention;

    vii. told Plaintiff that she was looking for houses in his development and described the physical vicinity of his house based upon her clearly having driven around his residential area;

    viii. tried claiming she was too drunk to drive and wanted Plaintiff to drive her, but then attempted to follow him home (causing him to take another route); and

    ix. was angering other staff by repeatedly standing near Plaintiff behind the bar trying to help him instead of doing her job or helping other parts of the restaurant.

18. Not only did Plaintiff reject James's advances, he expressed concerns about her conduct to his co-bartender and a supervisor.

19. Plaintiff's co-bartender tried to help Plaintiff by telling James that Plaintiff was not interested in her, she will get nowhere, and to stop with her advances.

20. Following Plaintiff's concerns and attempted help from the co-bartender (discussed *supra*), James became very distant for approximately two (2) days.

21. Then on or about August 14, 2020, without warning and very abruptly, Plaintiff was informed by Mangin that he was terminated.

22. Plaintiff was informed that the reason for his separation was due to a customer complaint, but Mangin would not elaborate any further.

23. In response to Plaintiff's Charge of Discrimination, filed with the EEOC, Defendant submitted a position statement, attaching a customer's emailed complaint that referenced one bartender (but does not say the bartender's name). Defendant asserts in its position statement to the EEOC that upon receiving this complaint, Mangin allegedly interviewed two of his senior bartenders and they too complained of Plaintiff's performance.

24. Defendant informed the EEOC that it was the aforesaid single customer complaint and negative feedback from its senior bartenders that led to its decision to terminate Plaintiff (even though Mangin only informed Plaintiff he was being terminated because of a customer complaint).

25. Plaintiff's termination is completely pretextual because (1) Defendant (like all restaurants generally) receives multiple customer complaints regarding food, staff, service, and wait times on a monthly basis and does not terminate employees due to one complaint; (2) presumably knowing this to be true, Defendant changed the reason for Plaintiff's termination when it was required to respond to Plaintiff's EEOC charge and stated that it was the complaint and negative feedback provided by senior bartenders that led to Plaintiff's termination; (3) Plaintiff was never disciplined for his performance or any other issues prior to his termination from Defendant; (4) Defendant admits in its position statement submitted to the EEOC that it

never informed Plaintiff he was being terminated for negative feedback provided by senior bartenders; and (5) statements signed by the senior bartenders attesting to Plaintiff's alleged poor performance (which were submitted to the EEOC by Defendant in conjunction with its position statement) were not signed until well after Plaintiff was terminated.

26. Based on the foregoing, Plaintiff believes and therefore avers that his termination was clearly for rejecting advances and in retaliation for opposing sexual harassment.

## Count I
## Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### (Sexual Harassment – Hostile Work Environment and Retaliation)

27. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28. Plaintiff was subjected to severe and pervasive sexual gestures, advances, and comments by Defendant's general manager, such that he was subjected to a hostile work environment.

29. Plaintiff specifically rejected and opposed James' inappropriate sexual comments/advances/gestures.

30. Within approximately 2 days after Plaintiff's concerns and attempted help from a co-bartender (discussed *supra*), Plaintiff was suddenly informed that he was being terminated by Mangin for completely pretextual reasons.

31. Plaintiff's termination from Defendant was clearly for rejecting advances and in retaliation for opposing sexual harassment.

32. Defendant's actions as aforesaid constitute violations of Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.  Defendant is to promulgate and adhere to a policy prohibiting sexual harassment and retaliation in the future against any employee(s);

B.  Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, and benefits.

C.  Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendant's actions;

D.  Plaintiff is to be awarded punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

E.  Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

F.  Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal and state law; and

G.  Plaintiff is to receive a trial by jury.

        Respectfully submitted,

        **KARPF, KARPF & CERUTTI, P.C.**

By: _____

        Ari R. Karpf, Esquire
        3331 Street Road
        Two Greenwood Square
        Suite 128
        Bensalem, PA 19020
        (215) 639-0801

Dated: April 20, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Richard Rueda | CIVIL ACTION |
| v. | |
| McKenzie's Brewhouse, Inc. d/b/a McKenzie's Brewhouse | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 4/20/2021 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __160 Justin Drive, West Chester, PA 19382__

Address of Defendant: __240 Lancaster Avenue, Malvern, PA 19355__

Place of Accident, Incident or Transaction: __Defendant's place of business__

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __4/20/2021__     _____/s/_____     __ARK2484 / 91538__
                                 *Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

| A. *Federal Question Cases:* | B. *Diversity Jurisdiction Cases:* |
|---|---|
| ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts | ☐ 1. Insurance Contract and Other Contracts |
| ☐ 2. FELA | ☐ 2. Airplane Personal Injury |
| ☐ 3. Jones Act-Personal Injury | ☐ 3. Assault, Defamation |
| ☐ 4. Antitrust | ☐ 4. Marine Personal Injury |
| ☐ 5. Patent | ☐ 5. Motor Vehicle Personal Injury |
| ☐ 6. Labor-Management Relations | ☐ 6. Other Personal Injury (Please specify): _____ |
| ☒ 7. Civil Rights | ☐ 7. Products Liability |
| ☐ 8. Habeas Corpus | ☐ 8. Products Liability – Asbestos |
| ☐ 9. Securities Act(s) Cases | ☐ 9. All other Diversity Cases (Please specify): _____ |
| ☐ 10. Social Security Review Cases | |
| ☐ 11. All other Federal Question Cases (Please specify): _____ | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __4/20/2021__     _____/s/_____     __ARK2484 / 91538__
                                 *Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
RUEDA, RICHARD

**DEFENDANTS**
MCKENZIE'S BREWHOUSE, INC. D/B/A MCKENZIE'S BREWHOUSE

**(b)** County of Residence of First Listed Plaintiff: Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Chester
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION
*(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES
*(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- [X] 442 Employment
- 443 Housing/Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

PERSONAL INJURY
- 365 Personal Injury - Product Liability
- 367 Health Care/Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000)
Brief description of cause:
Violations of Title VII and the PA Human Relations Act.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 4/20/2021
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____